UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERLANDOS YUGIRI McCREE,

        Plaintiff,                         Case No. 21-cv-12576

v.                                    Paul D. Borman
                                    United States District Judge

KMG PRESTIGE COMPANY,
JUSTIN ROBINSON,
DIAMOND DAVIS, and
DUSTIN LNU,

        Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S
APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 2)
AND DISMISSING COMPLAINT (ECF NO. 1)**

Plaintiff Herlandos Yugiri McCree filed this action *pro se* naming KMG
Prestige Company, Justin Robinson, Diamond Davis, and Dustin Last Name
Unknown (LNU) as Defendants. (ECF No. 1, Compl.) Plaintiff's Complaint alleges
that all Defendants engaged in "[h]ousing discrimination [b]ased upon stigma
[d]iscrimination by means of harassment and [i]ntimidation of threats to evict,
refusal to renew my lease," and asserts that "it is my constitutional right according
to HUD and Fair housing to file a civil lawsuit." (*Id.* PageID.8.)

Plaintiff also filed an Application to Proceed Without Prepaying Fees or
Costs. (ECF No. 2, IFP Application.) She asserts that her only source of income is

disability benefits (which, according to documents attached to her complaint, total $794.00 per month in Social Security Supplemental Security Income benefits), that she has $498.11 in a checking or savings account, owes $233.00 per month for rent, plus other credit card expenses, and that she owes debts or financial obligations to five creditors. (*Id.*; Compl. PageID.11-12.) The Court has reviewed the Application and is satisfied that the prepayment of the filing fee would cause an undue financial hardship on Plaintiff and, therefore, grants Plaintiff's Application and permits Plaintiff to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a); *Gibson v. R.B. Smith Co.*, 915 F.2d 260, 262 (6th Cir. 1990).

Once a court grants a plaintiff permission to proceed *in forma pauperis*, it must review the complaint pursuant to 28 U.S.C. § 1915(e). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). The court "shall dismiss" the case if the court finds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court is required to construe a plaintiff's *pro se* complaint liberally and to hold that complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States,* 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, § 1915(e)(2)(B) directs that this Court must nonetheless dismiss such a complaint if, given that liberal construction, it is frivolous or fails to state a claim on which relief can be granted.

To state a claim for relief, the factual allegations of the complaint must demonstrate a plausible entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007). The *Twombly* standard governs dismissals under § 1915(e)(2). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A claim is frivolous when it lacks an arguable basis in law or in fact, and a court may dismiss a complaint as frivolous when it is based on an indisputably meritless legal theory or where its factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319 (1989).

Federal courts can only hear certain kinds of cases, namely those that fall within the courts' "subject matter jurisdiction." A federal court's subject matter jurisdiction is limited to 1) issues arising under the Constitution or a federal statute (*"federal question"* jurisdiction), or 2) from a dispute between two parties from different states (*"diversity of citizenship"* jurisdiction). 28 U.S.C. §§ 1331, 1332. For a court to have federal question jurisdiction, the action must arise under the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For diversity jurisdiction, there must be diversity of citizenship between the parties and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332. Diversity of citizenship requires "complete diversity," that is, that all the defendants be from a different state than all the plaintiffs. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978) ("Congress has established the basic rule that diversity jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of

3

citizenship."). If a complaint is filed in federal court and does not fall within one of these two categories, the court does not have jurisdiction over it, and the court therefore cannot grant relief.

In this case, Plaintiff filed a Complaint using the court's standard form, to which she attaches several pages of documents and notes primarily relating to her tenancy at the Charlotte Apartments in Detroit, Michigan. (Compl.). According to the documents attached to Plaintiff's Complaint, she participates in the federal government's Housing Choice Voucher Program (HCV Program), or Section 8 housing, administered by the Michigan State Housing Development Authority (MSHDA) program, through which she receives rent subsidies for her apartment rental at Charlotte Apartments. (*Id.* PageID.14.) Plaintiff purports to invoke this Court's federal question jurisdiction. (*Id.* PageID.3.) Specifically, Plaintiff alleges "[h]ousing [d]iscrimination [b]ased upon stigma [d]iscrimination by means of harassment and [i]ntimidation of threats to evict, refusal to renew my lease," and asserts that "[t]he [b]asis for jurisdiction is Federal question[,] it is my constitutional rights according to HUD and Fair housing to file a civil law suit." (*Id.* PageID.8.) Plaintiff seeks $77,000 in damages and requests "immediate attention of a judicial officer to review." (*Id.*) On the Civil Cover Sheet, Plaintiff asserts federal question jurisdiction based on the Americans with Disabilities Act (ADA). (*Id.* PageID.34.)

Documents attached to Plaintiff's Complaint indicate that on October 11, 2021, Charlotte Apartments issued to Plaintiff a Notice terminating her tenancy because:

> you have created a health and safety hazard by starting a fire in your apartment and also due to you material noncompliance with your lease agreement. You have repeatedly disturbed and harassed other residents and abused management. You have been issued violations for failure to recertify, permitting an unauthorized occupant to reside in the apartment, storing personal belongings in unauthorized areas, altering the premises, and littering. Additionally, you have stolen packages from the office and have had the police called on you for disturbing the peace.

(*Id.* PageID.26-32.) The Notice lists ten lease violations/notices issued to Plaintiff from November 13, 2019 through October 8, 2021. (*Id.* at PageID.26-27.) In her Complaint, Plaintiff alleges that the Notice to quit "made unfair illegal assumptions, lies about me not based on any physical interaction with me nor has any supporting camera footage or witness to coll[a]borate the allegations," denies there was any fire damage to her apartment or repairs needed because of fire, and denies that she currently has a lease that Defendants can use to support their allegations. (*Id.* at PageID.8.)

Construing Plaintiff's Complaint liberally, the Court finds that Plaintiff fails to plausibly state any federal claim on which relief may be granted against any Defendant in this case. The Complaint does not cite any statute, state or federal, which would entitled Plaintiff to relief. Although the Complaint alleges "stigma

[d]iscrimination," broadly references "HUD and Fair housing," and checks the box for jurisdiction based on the ADA on the Civil Cover Sheet form, Plaintiff fails to allege facts to support a claim of discrimination under the Fair Housing Act (FHA) or the ADA. (Compl., PageID.8, 34.) The FHA prohibits discrimination in the terms, conditions, or privileges of rental of a dwelling based on race, color, religion, sex, familial status, national origin, or handicap, 42 U.S.C. §§ 3604(b) and (f), and the ADA prohibits discrimination based on disability and require a housing provider to reasonably accommodate a tenant's disability. 42 U.S.C. § 12132. A conclusory claim of discrimination, with no factual allegations supporting such a claim, is insufficient to state a claim for relief. *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.").

Here, Plaintiff does not allege she is facing eviction, or any other action, because of her membership in any protected class, vaguely pleading only "stigma discrimination," without further elaboration. To the extent she is asserting disability discrimination, she fails to identify her alleged disability. In order to properly plead an FHA or ADA claim based on an alleged disability, Plaintiff must set forth facts demonstrating that she is disabled, alleging a "physical or mental impairment that substantially limits one or more major life activities." *See* 42 U.S.C. § 3602(h)

6

(FHA); *id.* § 12102 (ADA). The absence of such allegations subjects Plaintiff's claim to dismissal. *See Fulakis v. Columbus Pub. Sch.*, 53 F. App'x 340, 342 (6th Cir. 2002) (affirming dismissal of claim when plaintiff failed "to set forth any facts that would demonstrate that she satisfies the definition of 'disabled' for purposes of the ADA"); *Overlook Mut. Homes, Inc. v. Spencer*, 415 F. App'x 617, 621 (6th Cir. 2011) (elements of FHA claim include that the plaintiff "suffers from a disability within the meaning of FHA") Accordingly, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted to the extent it purports to plead a violation of the FHA or ADA.

Further, while Plaintiff's Complaint broadly asserts a "constitutional right … to file a civil law suit," it does not otherwise expand on which constitutional right Defendants allegedly violated. Plaintiff's Complaint contains no facts which even remotely suggest that any of the Defendants acted based on Plaintiff's alleged disability, or any protected characteristic, as opposed to the numerous violations listed in the Notice to Quit. Plaintiff cites no statute, regulation, or contractual requirement which establishes that she is entitled to protection from eviction in this case. Without showing a violation of a constitutional right, she fails to state a claim.

Accordingly, even construing Plaintiff's Complaint liberally in a light most favorable to Plaintiff, her Complaint simply does not contain allegations reasonably suggesting Plaintiff might have a valid discrimination claim under the FHA or ADA,

or otherwise stating a violation of her federal or constitutional rights. Plaintiff therefore fails to state a basis for federal question jurisdiction. *See HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012) ("[B]road and conclusory allegations of discrimination cannot be the basis of a complaint and a plaintiff must state allegations that plausibly give rise to the inference that a defendants acted as the plaintiff claims."). And, because Plaintiff and Defendants all appear to be residents of the State of Michigan, this suit does not meet the requirement of diversity jurisdiction. 28 U.S.C. § 1332.

For the reasons articulated above, Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 2) is **GRANTED**. However, because Plaintiff's Complaint fails to show any basis for federal jurisdiction as to any claim against any defendant in this case, this is not the right legal forum for Plaintiff's concerns to be addressed. Therefore, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS SO ORDERED.

<div style="margin-left:40%">

s/Paul D. Borman
Paul D. Borman
United States District Judge
</div>

Dated: November 8, 2021